**Washington Township v. Gillette**

*David S. Rzepecki,* for plaintiff.
*Eric J. Purchase,* for defendant.

BROWN, *S.J.,* July 22, 1994—

## FACTS

This is a civil enforcement action brought by plaintiff against defendant at the district justice level regarding plaintiff's being in violation of the local zoning ordinance. The alleged violation arises out of defendant's having a mobile home on her premises contrary to the ordinance.

The district justice found in favor of plaintiff following which defendant filed a timely appeal to this court. The pleadings are now closed and both sides have filed motions for summary judgment. For the most part the material facts of the case appear to be undisputed.

In October of 1992 defendant had a trailer on her lot which was occupied by her sister. The existence of this trailer on that site violated several provisions of the township zoning ordinance. These included lack of a building permit, lack of a permanent foundation, lack of a septic permit, and the failure to meet certain setback requirements. Upon being notified of these violations defendant applied for a variance to the Washington Township Zoning Hearing Board.

On December 15, 1992, a hearing was held before the board. All three members of the board were present. At the conclusion of the hearing Mr. Twardowski, a member of the board, made the following statement: "Yes. That's my motion to give you six months to have the trailer unoccuppied and make other plans." The motion was seconded and unanimously passed. No other motions

were made on the record nor were any other actions taken by the board which resembled a decision on the variance request.

Subsequently (on a date unknown to the court), the board sent out a written notice which contained two decisions signed by the board members. The first of these was labeled "Decision of Zoning Board of Adjustment" and recited "Because of health problems of Ms. Sterns and the winter season we feel it is the best interest of the township that Ms. Gillette and Ms. Sterns have until June 15 to comply with 4-90 and remove the manufactured home from the lot." This decision was dated December 15, 1992. As can be observed it did not "decide" whether the requested variance was being explicitly denied nor did the removal date specify a year for the removal.

A second part of the aforesaid written notice contained a "Report of Zoning Hearing Board" and was signed by the same persons who signed the zoning board of adjustment decision. This report stated " . . . our findings and decision are as follows: It was voted on motion of Twardowski, seconded by Hostettler to deny variance/special exception request no. 22 (21)-92 due to section 503.1, sections 212, 408.5 and 902.6. Ms. Gillette's and Ms. Sterns' health and financial conditions as well as the time of year; the board gives the applicant until June 15, 1993 to remove the manufactured home from the property. Motion carried." This decision contained also at the bottom the designation: "Permit refused Dec. 15, 1992." As with the first decision in the written notice, this decision and the motion supporting it were not a part of the record at the December 15, 1992 hearing.

## DISCUSSION AND CONCLUSIONS OF LAW

It should be observed at the outset that the underlying enforcement action before the district justice which is now before this court on appeal relies simply on defendant's alleged violations of the applicable zoning ordinance. This is not an appeal from any decision made by plaintiff's zoning hearing board or whatever board may have dealt with defendant's variance request on December 15, 1992. In this regard it must be noted that defendant took no appeal from any action taken as a result of that proceeding.

However, defendant now argues that the effect of the board's action at the conclusion of the December 15, 1992 hearing was to grant her variance in part by allowing the trailer to remain but in an unoccupied state. She points to Mr. Twardowski's motion in support of this position. It would be a fair interpretation of that motion as passed that she was not being required to move the mobile home from the lot but only to have it "unoccupied" in six months. She has complied with that mandate as the trailer is unoccupied. She further argues that the written notice containing the two decisions which also required removal of the trailer within six months and the one decision denying the variance request are void and of no legal effect because they were not made at the hearing and are not a part of the record. The thrust of her argument here is that these decisions were made in violation of the Sunshine Act and also in violation of her constitutional rights.

A review of the applicable statutes and case law supports defendant's position. The Sunshine Act requires that de-

cisions such as zoning variances, be made at a public meeting. 65 P.S. §§275 and 276; *Appeal of the Emmanuel Baptist Church,* 26 Pa. Commw. 427, 364 A.2d 536 (1976). This did occur here on December 15, 1992. However, the written notice, which is also required, did not accurately reflect the decision made at this meeting. As stated earlier, defendant's interpretation of the decision made at the hearing is a fair one. The burden should be on the board to clearly represent what and how it is deciding.

To validate a written notice which erroneously represented the hearing decision would, at a minimum, controvert the requirements of the Sunshine Act. 65 P.S. §271 et seq. Thus, such a defective notice cannot be binding on defendant. Given the question raised about the status of defendant's mobile home, and the lack of any disputed material fact, the court concludes that it would be unable to find that plaintiff has established by a preponderance of the evidence that defendant's mobile home is located on her property in violation of any ordinance. Accordingly, the court will grant defendant's motion for summary judgment and will deny plaintiff's motion for summary judgment.

## ORDER

And now, July 22, 1994, based upon the foregoing opinion, it is hereby ordered that defendant's motion for summary judgment be granted with the court finding in favor of defendant, and conversely that plaintiff's motion for summary judgment be dismissed and the requested relief be denied.